UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 CR 176 CDP-2 |
| | ) | |
| SHAYNE KIER JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on plaintiff's motion for release of funds from defendant's inmate trust account filed on April 23, 2021.  (Doc. 146).  Defendant objects to the motion and moves the Court unencumber his account.  (Doc. 147).  Plaintiff has filed a reply in support of its motion and in opposition to defendant's motion.  (Doc. 148).  For the following reasons, plaintiff's motion will be granted and defendant's motion will be denied.

On December 6, 2016, defendant pleaded guilty to conspiracy to interfere with commerce by threats of violence in violation of 18 U.S.C. § 1951(a) and possession and brandishing of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924 (c)(1)(A)(ii).  (Doc. 176).  I sentenced defendant to a total of 141 months imprisonment and supervised release for a term of five years on April 18, 2017.  (Doc. 117).  I also ordered Defendant to pay $1,283,980.00 in

restitution and a special assessment of $200.  (Doc. 117).  To date, defendant has

paid $2,713.07 toward the total balance of this debt, and $ 1,281,466.93 remains

due and owing.  Defendant is currently incarcerated at FCI Texarkana in

Texarkana, Texas.

The Bureau of Prisons (BOP) has established inmate trust accounts in order

to "allow the Bureau to maintain inmates' monies while they are incarcerated."  28

C.F.R. § 506.1.  "Family, friends, or other sources may deposit funds into these

accounts." *Id.*  Defendant has such an account and currently has $1,380.22 in his

account, resulting from tax credit payments issued by the Treasury Department

related to COVID-19 stimulus relief legislation.  Defendant admits he received this

stimulus money and did not notify the United States Attorney's Office of this

payment.  Plaintiff now moves for an Order authorizing the BOP to turn over to the

Clerk of Court the funds in defendant's trust account as payment for the criminal

monetary penalties imposed in this case.

The procedure by which the government may enforce criminal monetary

penalties is set forth by 18 U.S.C. § 3613.  An order of restitution is "a lien in favor

of the United States on all property and rights to property. . . ."  18 U.S.C. §

3613(c).  Additionally, the Mandatory Victims Restitution Act states that "[i]f a

person obligated to provide restitution, or pay a fine, receives substantial resources

from any source . . . during a period of incarceration, such person shall be required

to apply the value of such resources to any restitution or fine still

owed." 18 U.S.C. § 3664(n).  Defendant is required to notify this Court of any

material change in his "economic circumstances" that might affect defendant's

ability to pay restitution.  18 U.S.C. § 3664(k).  The Court may also accept

notification of a material change in the defendant's economic circumstances from

the United States or from the victim.  *Id*.  "Upon receipt of the notification, the

court may, on its own motion, or the motion of any party, including the victim,

adjust the payment schedule, or require immediate payment in full, as the interests

of justice require."  *Id*.  These statutes authorize plaintiff to request the turnover of

inmate funds from an inmate trust account to be applied to restitution. *United

States v. Poff,* 781 Fed. Appx. 593 (9th Cir. 2019); *United States v. Rand*, 924 F.3d

140 (5th Cir. 2019).

Defendant argues that his funds should be unencumbered because he has

been making monthly restitution payments through the Inmate Financial

Responsibility Program (IFRP).  According to defendant, his repayment plan

represents a contract that plaintiff is breaching by seeking these additional funds.

He also argues the money is really unemployment benefits and therefore exempt

from garnishment.

Here, the funds are subject to the government's lien created by the restitution

order entered in this case.  18 U.S.C. § 3613(c).  Because the property at issue is

3

cash, it does not fall within any of the applicable categories of exempt property that a defendant may claim in a criminal case.  18 U.S.C. § 3613(a)(1).  This money is not unemployment benefits, and there is no exemption in the statute for stimulus payments.  The Judgment entered against defendant provides that "all criminal monetary penalties are due in full immediately."  (Doc. 117).  There is no contract that plaintiff is breaching by seeking these funds, which are "due in full immediately."  That defendant has been making minimum payments through the IFRP does not change this fact or mean that these funds are exempt from the government's lien created by the restitution order entered in this case.

Based on the information set forth in the plaintiff's motion, the Court finds that defendant has substantial resources in the form of money that has been deposited in his inmate account held by the Bureau of Prisons, and this money is not exempt from enforcement of the judgment.  *See* 18 U.S.C. § 3613(a).  Moreover, the Court finds the receipt of these substantial resources constitutes a material change in defendant's economic circumstances that affects his ability to pay restitution under 18 U.S.C. § 3664(k).  Pursuant to the Crime Victim Rights Act, the victims of defendant's crimes are entitled to full and timely restitution as provided in law.  *See* 18 U.S.C. § 3771(a)(6).  The Court will therefore grant plaintiff's motion and deny defendant's corresponding motion.

Finally, defendant's pro se motion "to void judgment for lack of territorial/subject matter jurisdiction" [144] will be summarily denied as meritless. Defendant's argument that "Switzer and Broadway St. Louis Missouri [is] clearly not within the territorial jurisdiction of the United States" is without any basis in law or fact and presents no basis for relief.  As plaintiff has filed nothing requiring the prepayment of fees or costs under 28 U.S.C. § 1915, the application to proceed without prepayment of fees or costs will be denied without prejudice as moot.

Accordingly,

**IT IS ORDERED** that the motion for release of funds from inmate trust account [146] is granted and defendant's motion to release encumbered funds [147] is denied.

**IT IS FURTHER ORDERED** that United States Bureau of Prisons shall turn over to the Clerk of the United States District Court for the Eastern District of Missouri all funds in the inmate trust account of Defendant Shayne Kier Jones as payment toward the criminal monetary penalties imposed against him via check payable to "United States District Court, Eastern District of Missouri," referencing Case No. 4:16 CR 176 CDP-2 delivered either personally or by First Class Mail to:

Clerk of the U.S. District Court
111 S. 10th Street
St. Louis, Missouri 63102

Alternatively, the Bureau of Prisons may make the required payment to the Clerk of Court within 30 days from the date of this Order via electronic transfer in the manner that it makes payments through the Inmate Financial Responsibility Program.  Said payment shall be limited to the amount of criminal monetary penalties due.  To the extent defendant's account balance may exceed the amount of criminal monetary penalties owed, the Bureau of Prisons is hereby directed to unencumber any such funds in the account.

**IT IS FURTHER ORDERED** that defendant's motion to void judgment for lack of territorial/subject matter jurisdiction [144] is denied.

**IT IS FURTHER ORDERED** that defendant's application to proceed without prepayment of fees or costs [142] is denied without prejudice as moot.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE
Dated this 10th day of August, 2021.

6